IN THE CIRCUIT COURT OF THE
THIRTEENTH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

|  |  |
|---|---|
| CYRUS DANDRIDGE, | ) CASE NO.: |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT AND DEMAND FOR** <br> ) **JURY TRIAL** |
| SHERWIN WILLIAMS, INC., an Ohio <br> corporation, | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, Plaintiff CYRUS DANDRIDGE ("Plaintiff") hereby sues the Defendant

SHERWIN WILLIAMS, INC. ("Defendant" or "SHERWIN WILLIAMS"), and alleges as

follows:

### INTRODUCTION

1.     This is an action for employment discrimination in violation of state civil rights

laws, pursuant to the provisions of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§

760.01, *et seq.* Defendant has facilitated by and through it employees, agents, managers, and the

like, an inherently discriminatory workplace, despite Defendant knowing of the disparate impact

upon Plaintiff, a Black American male. Defendants further retaliated against Plaintiff who

complained about this discrimination.

2.     As a result of Defendant's unlawful patterns, policies, and practices, and through

its habitual acts and omissions—willful or wanton—Plaintiff received less protection against

harassment and discrimination from Defendant's employees, agents, managers, officers or

otherwise, as compared to non-Black American employees, and was retaliated against in several

1

incidences of harassment and discrimination, all of which Defendants either facilitated or failed to adequately remedy even though Defendants had actual or constructive notice of the ongoing harassment, discrimination, and retaliation.

## JURISDICITON AND VENUE

3.      This Court has jurisdiction over this dispute because this complaint seeks damages in excess of Thirty-Thousand-Dollars ($30,000.00), exclusive of interest and attorney's fees.

4.      Venue is proper in this Court, because all acts complained of occurred in Hillsborough County, Florida.

## PARTIES

5.      Plaintiff is a natural person and was, at all times relevant hereto, "employed" by Defendant as defined by Fla. Stat. §§ 760.01, *et seq.*, in Hillsborough County, Florida.

6.      Defendant is an Ohio corporation, with its principal place of business located at 101 West Prospect Avenue, Cleveland, Ohio 44115. Defendant is registered and licensed to do business in the State of Florida, in Hillsborough County, Florida. Defendant was, at all times relevant hereto, Plaintiff's "employer" as that term is defined by FRCA, Fla. Stat. §§ 760.01, *et seq.*

## ADMINISTRATIVE REMEDY EXHUASTED

7.      Prior to filing this action, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about August 25, 2020, a copy of which is attached hereto as **"Exhibit 1."**

8.      On or about September 17, 2020, Plaintiff received a notice of right to sue letter from the EEOC and brings this lawsuit within ninety (90) days from receipt of same. Plaintiff is

authorized by law to file the instant action within four (4) years of the adverse actions complained of, and therefore this action is timely filed under the laws of the State of Florida.

## GENERAL ALLEGATIONS

9.      Plaintiff was, at all times relevant hereto, employed by Defendant in its sales department, on or about October 2015, and was later promoted to store manager at Defendant's Store #2964, on or about May 2019, at which position he presently remains today.

10.     Throughout his employment with Defendant, Plaintiff satisfactorily performed to the reasonable and legitimate non-discriminatory expectations of Defendants for over five (5) years. Anything to the contrary is pretextual.

**(Plaintiff Suffered Habitual Verbal Abuse From Defendant's
Employees On Day-To-Day Basis At Plaintiff's Store)**

11.     As a store manager at one of Defendant's stores, Plaintiff has been subject to blatant racial discrimination, which includes being referred to as a "Nigger" on numerous occasions.

12.     On or about January 20, 2016, at approximately 5:40 PM EST, Plaintiff was working at Store #702737 with Defendant's employees, Cole Presley (white male) and David Livermore (white male); Nick Dunn (store manager at the time) and David Caselli (assistant store manager) had already left for the day.

13.     On this day, Plaintiff had been assigned to put the store truck away as they had received a large delivery of inventory, while Presley and Livermore manned the front of the store and attended to customers.

14.     The store was receiving many calls that day, as it was extremely busy.

15.     When Plaintiff came through the door to answer one of the phone calls, Plaintiff heard Presley and Livermore *both* yell, "these niggers won't stop calling," then laugh and went back to what they were doing.

3

16.     Every time after this incident, when the phone rang the rest of the evening, Presley and Livermore would not answer the phones and just let them ring.

17.     When Plaintiff would come to answer the phone multiple times later on, he would again hear Presley and Livermore joking and repeatedly yelling, "these niggers won't stop calling."

18.     At this point, Presley and Livermore began laughing in Plaintiff's face.

19.     Plaintiff asked Presley and Livermore to stop several times, but they proceeded yelling racial epithets in front of Plaintiff.

20.     The next day, on or about January 21, 2016, Plaintiff complained to Caselli (assistant store manager) and he in turn told Dunn (store manager) about what had occurred.

21.     A day later, on or about January 22, 2016, Dunn forced Livermore and Presley to apologize to Plaintiff.

22.     No other action was taken, and the disparate and racially unjust treatment continued in other ways throughout Plaintiff's work environment.

23.     On or about August 9, 2019, Plaintiff was at a job site to complete a project specification. While waiting on a coworker, Plaintiff and Rother "Al" Culp (Sale Representative for Defendant) (hereinafter "Culp") were walking the property when Rother told Plaintiff, "Come on, nigger." Plaintiff, replied, "excuse me," and asked Culp not to refer to him as "nigger," or use the same around Plaintiff. Nonetheless, Culp repeated to Plaintiff, "Come on, Nigger!" and then asked Plaintiff why he cannot use that word toward him. Culp continued antagonizing Plaintiff as though he was surprised that Plaintiff, a black-American, was offended by the racial epithet.

24.     Approximately twenty (20) days later, on or about August 29, 2019, Plaintiff and Culp were walking to Harold Clayton Paintings, an establishment across the street from Plaintiff's store (#2964), when Culp asked Plaintiff to accompany him and sit-in on one of Culp's weekly

meetings with Harold Clayton (owner of Harold Clayton Paintings). While Plaintiff waited to complete the paint order from Harold Paintings, Culp asked Harold Clayton about a particular black-American painter. Harold replied to Culp, "He is stupid and Nigger rich." Later, when Plaintiff and Culp returned to Plaintiff's store (#2964), and once they were among Plaintiff's employees, Culp began to recant the encounter and make a joke out of how Harold called another black-American "stupid" and "Nigger rich." This was when Plaintiff realized how cavalier Culp was about using the most racially demeaning and oppressive epithets.

25.     On or about October 10, 2019, Culp came into Plaintiff's store (#2964), and addressed one of Plaintiff's employees, Matthew Sellers, a black-American, by saying, "What up, my Nigger." When Plaintiff confronted Culp about a previous conversation, they had about Culp not using the word "Nigger" towards Plaintiff, Culp responded with laughter, claiming that he "didn't mean anything by it." Moments later, when exiting Plaintiff's store, Culp yells, "All right you monkeys . . . I'll catch you later." Plaintiff responded with another verbal warning for Culp to stop using racially oppressive language toward him and his employees.

26.     On or about November 14, 2019, Plaintiff received a call from another store manager, Adam Taves. During this call, Taves asked Plaintiff, "Why was I told to be careful around you because you're too pro-Black?" Plaintiff asked Taves who told him that and what they it was about. Taves replied, "Don't worry about that . . ." and warned Plaintiff about "putting [Plaintiff's] blackness in front of others." Taves further stated that Plaintiff's "blackness" makes "them feel uncomfortable" and "you don't want people to think they can't work with you because you're too pro-Black."

27.     More recently, Defendants have failed to provide or maintain non-discriminatory practices that prevent the unwanted and unwelcomed racial discrimination of formally banned

persons, including customers, at Plaintiff's store, such as David Parker and Raeghan Parker (or "Parker Industries"), who were formally banned from Plaintiff's store for racial harassment and discrimination, but, by Defendants actions or inactions, continue to racially torment Plaintiff at his store.

**(Public Humiliation, Racial Discrimination, And Harassment
Of Plaintiff At The Sherwin Williams National Sales Meeting
Event (January 2020))**

28.     The first night of the Sherwin Williams National Sales Meeting Event (*i.e.*, the "Welcome Reception") took place on or about January 26, 2020.

29.     In attendance at the Welcome Reception was all of the District Managers, City Managers, Sales Managers, Sales Representatives, and Store Managers for Defendant SHERWIN WILLIAMS. The attendees were accompanied by the most senior level executives for Defendants, including the Chief Executive Officer, Chief Financial Officer, CCD, and Human Resources Managers from all districts.

30.     After a short introduction from Defendant's senior management, followed by a brief synopsis and/or overview of what was going to take place throughout the event, the meeting was adjourned, and the attendees were excused. At this time, everyone began to mingle and speak amongst themselves.

31.     Later in the evening, Plaintiff was asked by Culp to come speak with Culp, Dan Drohan (sale representative), and Derrick Moore (store manager). To Plaintiff's surprise, he was about to be used as a racial prop in one of Culp's stories about the aforementioned incident with Harold Clayton and the "stupid, Nigger rich" painter.

32.     Culp retold the story with emphasis on the word "Nigger rich" in front of Plaintiff, Drohan, and Moore. Culp further used Plaintiff as the pun of his joke, explaining that Plaintiff did not do anything about it at the time.

33. Culp retold the story without any censorship—doubling down on the wrongful conduct—repeatedly using the N-word and "Nigger rich" between laughs.

34. Once Culp finished the telling the story to Drohan and Moore, he even forced Plaintiff to confirm and corroborate it around the other Sherwin Williams employees.

## COUNT I – RACIAL DISCRIMINATION (STATE)

35. Plaintiff incorporates the allegations set forth in Paragraphs one (1) through twenty-three (23), as though full set forth herein, and further alleges the following:

36. Plaintiff has filed a timely charge of discrimination with the EEOC and FCHR, and thus has exhausted his administrative remedies.

37. During his employment, Plaintiff formally and informally complained of the unlawful discriminatory practices to Defendant's employees, agents, representatives, and/or officers, as per company policy, regarding the numerous instances of severe and pervasive racial harassment and discrimination that Plaintiff was subjected to while employed by Defendants.

38. Plaintiff was a member of a protected class, and engaged in protected activities, including but not limited to the use of Defendant's internal policies for rejecting and remedying racial discrimination and hostile workplace conduct. Plaintiff has a right to be free from reprisal against him for engaging in these activities.

39. Plaintiff was subject to racial epithets and other racial discrimination while employed by Defendants, even after notifying Defendant of this unlawful conduct, and it continued to occur to present. Racial discrimination suffered by Plaintiff includes the following:

     a.     Racially derogatory names, including but not limited to as "nigger," nigger rich," and "monkey";

b.      Public humiliations and repeated harassment by Defendants at a company-wide conference and within Plaintiff's store; and,

c.      Other instances of racial discrimination as describe more fully above.

40.      The stated reasons, other than admissions of discrimination, for Defendant's conduct, repeated discipline and disparate treatment of Plaintiff were not the true reasons, but instead were pretext to hide Defendant's discriminatory animus.

41.      Defendant's conduct as alleged at length herein constitutes discrimination based on race, color, and national origin in violation of the FRCA, Fla. Stat. §§ 760.01, *et seq.*

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

a.      An award of damages, including lost wages and benefits;

b.      An award of compensatory damages for pain and suffering, mental anguish, loss of dignity and reputation, inconvenience, and loss of enjoyment of life;

c.      An award of attorneys' fees and costs;

d.      An award of punitive damages to be determined by a jury, pursuant to Fla. Stat. § 760.11(5); and,

e.      Any other relief deemed just and proper, including declaratory relief that Plaintiff's rights were violated by Defendant.

## COUNT II – HOSTILE WORK ENVIRONMENT (STATE)

42.      Plaintiff incorporates the allegations set forth in Paragraphs one (1) through thirty (30), as though full set forth herein, and further alleges the following:

43.      Plaintiff has filed a timely charge of discrimination with the EEOC and FCHR, and thus has exhausted his administrative remedies.

44.     During his employment, Plaintiff formally and informally complained of the unlawful discriminatory practices to Defendant's employees, agents, representatives, and/or officers, as per company policy, regarding the numerous instances of severe and pervasive racial harassment and discrimination that Plaintiff was subjected to while employed by Defendants.

45.     Plaintiff was a member of a protected class, and engaged in protected activities, including but not limited to the use of Defendant's internal policies for rejecting and remedying racial discrimination and hostile workplace conduct. Plaintiff has a right to be free from reprisal against him for engaging in these activities.

46.     Defendant, by and through its officers, directors, agents, representatives, or other employees, as well as its own actions or inactions, took adverse action against Plaintiff which increased in degree each time Plaintiff rejected or refused disparate treatment, and continues to this day.

47.     Defendant's conduct as alleged at length herein constitutes retaliation against Plaintiff based on Plaintiff's race, color, and national origin and based on the fact that Plaintiff engaged in activities protected under the FCRA.

48.     The stated reasons for Defendant's conduct were not the true reasons, other than those rare instances of unofficial or informal admission by Defendants, but instead were pretext to hide Defendant's discriminatory and retaliatory animus.

49.     Defendant retaliated against Plaintiff because Plaintiff was a member of a protected class of individuals and because Plaintiff engaged in activities protected by law, but mainly because Defendants considered Plaintiff a "nigger."

50.     As a result of Defendant's adverse and retaliatory actions against him, Plaintiff suffered damages including but not limited to lost wages, lost benefits, inconvenience, loss of dignity, loss of reputation, pain and suffering, and mental and physical anguish, *inter alia*.

51.     The acts and omissions of Defendant alleged at length herein constitute retaliation against Plaintiff based on his race, color, and national origin, as well as his opposition, rejection, and disapproval of racial harassment, discrimination, and Hostile and abusive workplace.

52.     Defendant has deprived Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of his employment, in violation of the FCRA.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

    a.     An award of damages, including lost wages and benefits;

    b.     An award of compensatory damages for pain and suffering, mental anguish, loss of dignity, loss of reputation, inconvenience, and loss of enjoyment of life;

    c.     An award of attorneys' fees and costs;

    d.     An award of punitive damages to be determined by a jury, pursuant to Fla. Stat. § 760.11(5); and,

    e.     Any other relief deemed just and proper, including declaratory relief that Plaintiff's rights were violated by Defendants.

## COUNT III – RETALIATION (STATE)

53.     Plaintiff incorporates the allegations set forth in Paragraphs one (1) through forty-one (41), as though full set forth herein, and further alleges the following:

54.     Plaintiff has filed a timely charge of discrimination with the EEOC and FCHR, and thus has exhausted his administrative remedies.

55.	During his employment, Plaintiff formally and informally complained of the unlawful discriminatory practices to Defendant's employees, agents, representatives, and/or officers, as per company policy, regarding the numerous instances of severe and pervasive racial harassment and discrimination that Plaintiff was subjected to while employed by Defendants.

56.	Plaintiff engaged in protected activities, including the use of Defendant's internal policies for rejecting and remedying racial discrimination and hostile workplace conduct. Plaintiff has a right to be free from reprisal against him for engaging in these activities.

57.	Defendants, by and through its employees, officers, agents, representatives and other employees, as well as its own actions and/or inactions, took adverse action against Plaintiff which increased in degree since the time he engaged in protected activities of rejecting and remedying racial discrimination and hostile workplace conduct.

58.	Defendants knowingly allowed and/or facilitated retaliatory actions against Plaintiff including actions of further racial hate and discriminations by its employees, officers, agents, representatives, and other employees.

59.	Defendant conduct as alleged above constitutes retaliation against Plaintiff because he engaged in activities protected by the FCRA.

60.	The stated reasons for Defendant's conduct, with the acception of any admissions, were not the true reason, were not the true reasons, but instead were pretext to hide Defendant's retaliatory animus.

61.	As a result of Defendant's adverse and retaliatory actions, Plaintiff suffered damages as a result of Defendant's retaliation, sustaining injuries including but not limited to lost wages, benefits, pain and suffering, mental and physical pain and suffering, and mental anguish, *inter alia*.

62.     The acts and/or omissions of Defendant alleged above constitute retaliation against Plaintiff based on his opposition, rejection, and disapproval of racial harassment, racial discrimination, and a racially hostile and abusive workplace.

63.     Defendant has deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of the FCRA.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

    a.    An award of damages, including lost wages and benefits;

    b.    An award of compensatory damages for pain and suffering, mental anguish, loss of dignity and reputation, inconvenience, loss of enjoyment of life;

    c.    An award of attorneys' fees and costs;

    d.    An award of punitive damages to be determined by a jury, pursuant to Fla. Stat. § 760.11(5); and,

    e.    Any other relief deemed just and proper, including declaratory relief that Plaintiff's rights were violated by Defendant.

## COUNT IV – PUNITIVE DAMAGES UNDER F.C.R.A. § 760.11(5)

64.     Plaintiff incorporates the allegations set forth in Paragraphs one (1) through fifty-two (52), as though full set forth herein, and further alleges the following:

65.     The above-described actions of Defendant constitute violations of the FCRA, Fla. Stat. §§ 760.01, *et seq*.

66.     The above-described actions of Defendant were intentional, willful, abusive, done with gross recklessness, done in bad faith, done without reasonable basis, and done with gross negligence or recklessness.

67.     As such, Defendant is liable to Plaintiff for punitive damages, under the FCRA, Fla. Stat. § 760.11(5).

WHEREFORE, Plaintiff respectfully requests that this Court award the following relief against Defendants:

    a.   An award of punitive damages to be determined by a jury, pursuant to Fla. Stat. § 760.11(5); and,

    b.   Any other relief deemed just and proper at a trial by jury.

## JURY DEMAND

Plaintiff CYRUS DANDRIDGE hereby demands a trial by jury, pursuant to the Florid Rule of Civil Procedure 1.430(b) on all issues so triable.

DATED this __ day of November 2020.


Respectfully Submitted,

**THE COCHRAN FIRM ORLANDO, LLC**

*/s/Michael G. Mann*
Michael G. Mann, Esq.
Florida Bar No.: 1020249
118 E Jefferson St, Ste 306
Orlando, FL 32801
Office: (407) 273-3352
Fax: (407) 273-3352
Email: MMann@CochranFirm.com

***Attorney for Plaintiff.***

# **EXHIBIT 1**

Equal Employment Opportunity Commission Charge of Discrimination

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**511-2020-03239** |
|---|---|---|

| **FLORIDA COMMISSION ON HUMAN RELATIONS** | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**MR. CYRUS DANDRIDGE** | Home Phone<br>█████ | Year of Birth |
|---|---|---|

| Street Address<br>████████ | City, State and ZIP Code<br>**WESTCHASE, FL 33626** |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**SHERWIN WILLIAMS** | No. Employees, Members<br>**201 - 500** | Phone No.<br>**(216) 566-2000** |
|---|---|---|

| Street Address<br>**101 PROSPECT AVENUE, CLEVELAND, OH 44115** | City, State and ZIP Code |
|---|---|

| Name | No. Employees, Members | Phone No. |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest **08-01-2019**  Latest **08-05-2020**<br>☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I began working for the above-mentioned employer in October 2015, as an Assistant Manager in Training. My current position is Store Manager. Matthew Sellers (Black) and I experienced racial harassment by Rother Culp (White), by being called nigger and monkey from August 2019 to January 2020. I advised Mr. Culp numerous times to stop the racial epithets and he did not stop. In January 2020, I reported the racial harassment to District Manager, Steve Ponall. After my complaint, an investigation was conducted. After the investigation, Mr. Culp was allowed to resign, instead of being terminated. I feel the situation was handled incorrectly by the South Eastern HR Director, Karen Bell. After Mr. Culps removal from my store, he has been tarnishing my reputation and vendors do not want to purchase from my store.**

**I believe I have been discriminated against due to my race (African American), national origin and color in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Cyrus Dandridge on 08-25-2020 06:35 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.   **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.